FILED

97 MAR 24 AM 8:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WOODBURCK NOE,                    )
                                  )
            Petitioner,           )
                                  )
vs.                               )    Case No. CV 96-C-782-NE
                                  )
JAMES DeLOACH, Warden;            )
ATTORNEY GENERAL OF               )
THE STATE OF ALABAMA,             )
                                  )
            Respondents.          )

ENTERED

MAR 2 4 1997

## MEMORANDUM OF OPINION

This is an action by an Alabama state prisoner pursuant
to 28 U.S.C. § 2254, challenging the constitutional validity of the
murder conviction he received in the Circuit Court of Madison
County on September 24, 1987.  The petitioner, Woodburck Noe, filed
his _pro se_ petition for writ of habeas corpus on March 25, 1996, at
which time he was incarcerated at the Bullock County Correctional
Facility in Union Springs, Alabama.  Although this case was
initially referred to a magistrate judge for a preliminary review
and recommendation, that reference is now withdrawn.



Procedural History

On September 24, 1987, the petitioner was convicted of murder in the Circuit Court of Madison County, and he was sentenced on October 21, 1987, to life imprisonment in the state penitentiary. With the assistance of a different attorney,[1] he appealed to the Alabama Court of Criminal Appeals raising only two issues for reversal: (1) that the State failed to properly establish the "corpus delicti" of the offense in that the State failed to prove that the body that was autopsied by the forensic pathologist was the victim named in the indictment, and (2) that the guilty verdict was contrary to the weight of the evidence.[2] On April 12, 1988, the Alabama Court of Criminal Appeals affirmed his conviction without a written opinion. Rehearing was denied on May 10, 1988, and his petition for writ of certiorari was denied by the Alabama Supreme Court on August 19, 1988.

On January 30, 1990, the petitioner filed a petition for relief pursuant to Rule 20, Temp.A.R.Crim.P., in the Circuit Court of Madison County raising sixteen issues, challenging the validity of the conviction and sentence. They were the following:

---

[1] At trial, petitioner was represented by retained attorneys Bill Burgess and Roy Miller. On appeal, however, he was represented by court-appointed counsel Norman Bradley.

[2] It should be noted that this is not a challenge to the sufficiency of the evidence.

2

(1)   That his conviction was obtained by the use of evidence gained pursuant to an unconstitutional, warrantless search and seizure;

(2)   That his conviction was obtained by the use of evidence gained pursuant to an unlawful, warrantless arrest without probable cause;

(3)   That his conviction was obtained by the use of a written confession gained pursuant to an unlawful, extended detention before he was taken for arraignment before a magistrate or judge;

(4)   That his conviction was obtained by the use of evidence gained pursuant to an unlawful arrest because the arrest warrant failed to particularly describe him or the offense that was committed by him;

(5)   That his conviction was obtained pursuant to an unlawful indictment because it failed to state the time and place of the victim's death, the correct name of the person charged, or the essential elements of the charged offense;

(6)   That his conviction was unconstitutional because the indictment by a grand jury incorrectly named the defendant as "Noe Woodburck;"

(7)   That his conviction was obtained by the actions of the grand jury and the trial jury which were unconstitutionally selected and impaneled in a racially discriminatory manner;

(8)   That the prosecution failed to disclose evidence favorable to the petitioner;

(9)   That he received ineffective assistance of trial[3] and appel-
late[4] counsel;

    (10)  That his conviction was obtained because of false,
prejudicial pretrial and trial publicity;

    (11)  That his conviction was obtained by the use of
false evidence of a prejudicial photograph and
perjured testimony regarding the victim receiving a
gunshot wound in the back of the head;

---

[3] As grounds for ineffective assistance of <u>trial</u> counsel, the
petitioner alleged in the Rule 20 petition that his attorneys
(a) failed to make a "specific" motion to suppress the illegally
seized shotgun, shotgun shell casings, and plastic waddings,
(b) failed to investigate and to determine evidence favorable to
him, (c) failed to object to the illegal arrest, illegal arrest
warrant, illegal indictment, illegal detention, unlawfully
impaneled grand jury and trial jury, false autopsy report,
prejudicial photographs, the victim's mother and sister crying
during the trial, and the prosecutor striking all but two black
females from the trial jury, (c) failed to object to the testimony
of Marion Bullock, Steve Lowhorne, Buford Cagle, Jarwes Nayman,
Investigators Nance and Parker, and Brent Wheeler regarding the
illegal arrest, illegal search, and illegal seizure of evidence,
(d) failed to request a change of venue due to the extensive
pretrial and trial publicity, (e) failed to inform the jury or tell
the trial judge to instruct the jury on the burden of proof of
self-defense, (f) failed to file a motion to reduce bond at his
bond reduction hearing, and (g) incorrectly stated that the
petitioner consented to an amendment of the indictment to correctly
state his name.

[4] As grounds for ineffective assistance of <u>appellate</u> counsel,
the petitioner alleged that his attorney (a) incorrectly stated in
his brief on direct appeal that the petitioner consented to an
amendment of the indictment, and (b) failed to raise the following
issues on appeal: trial counsel's ineffectiveness, illegal arrest
and arrest warrant, illegal search and seizure, illegal detention,
illegal indictment, illegally impaneled grand jury and trial jury,
failure of the prosecution to disclose evidence favorable to him,
illegally obtained statements, prejudicial pretrial and trial
publicity, victim's family crying, perjured testimony, false
evidence, and the trial judge failing to instruct the jury on the
burden of proof of self-defense.

(12) That his conviction was obtained by the State's failure to establish the "corpus delicti" because the State failed to prove that the body that was autopsied by the forensic pathologist was the victim;

(13) That his guilty verdict was contrary to the weight of the evidence;

(14) That the trial judge failed to properly instruct the jury before opening statements that it was the prosecution's burden of proof regarding the petitioner's claim of self-defense;

(15) That his conviction was obtained by the court's allowance of the victim's relatives to express their grief by weeping openly during the trial proceedings; and

(16) That the trial judge erred in failing to make any reference as to whether the petitioner would receive parole or probation.

After an evidentiary hearing on March 12, 1990, at which petitioner was represented by yet another court-appointed attorney,[5] the Circuit Court of Madison County denied the Rule 20 petition on March 26, 1990, in a written opinion.

The petitioner appealed the denial of his Rule 20 petition. In a brief[6] filed on July 11, 1990, he argued fourteen grounds for reversal of the denial of Rule 20 relief. They were as follows:

---

[5] Petitioner was represented by John W. Caylor at the Rule 20 hearing.

[6] He was still represented by John W. Caylor on appeal.

(1)   That his conviction was unconstitutional because the indictment by the grand jury incorrectly stated his name as "Noe Woodburck";

(2)   That the verdict was contrary to the weight of the evidence and that the State failed to establish the "corpus delicti";

(3)   That the prosecution failed to disclose evidence favorable to the petitioner;

(4)   That his arrest was unlawful because the arrest warrant lacked adequate probable cause;

(5)   That he was denied a fair trial because of the prejudicial pretrial and trial publicity;

(6)   That his trial was unfair because of the admission into evidence of a prejudicial photograph showing that the victim received a gunshot wound in the back of the head;

(7)   That the trial judge failed to adequately review his motion for status as a youthful offender;

(8)   That the trial judge failed to properly instruct the jury before opening statements on the issue of self-defense;

(9)   That the trial court improperly allowed the victim's relatives to weep openly during the trial proceedings and failed to provide a curative remedy;

(10)  That the trial judge failed to state whether the petitioner would receive probation;

(11)  That the trial judge failed to explain what the possible sentencing options were, failed to explain why the particular sentence was imposed on the petitioner, and failed to explain why the other sentencing options were not selected;

(12) That he received ineffective assistance of counsel[7];

(13) That his conviction was obtained by the use of
     evidence gained pursuant to an unconstitutional
     search and seizure, illegal arrest, and illegal
     detention; and

(14) That the grand jury and the trial jury were uncon-
     stitutionally selected and impaneled based on race
     in violation of Batson v. Kentucky.

On September 21, 1990, the Alabama Court of Criminal
Appeals affirmed the denial of the Rule 20 petition stating:

> Affirmed.  No Opinion.  The appellant's issues
> concerning the failure of the state to prove
> the corpus delicti, the lack of probable cause
> to issue the arrest warrant, the pre-trial
> publicity, the admission of photographs, the
> denial of his motion for treatment as a Youth-
> ful Offender, the failure of the trial court
> to not [sic] instruct the jury on self-defense
> prior to the opening statements, the victim's
> family weeping in the courtroom, the denial of
> probation, the failure of the trial court to
> not state why other sentencing options were
> not selected, the alleged Batson violation,
> the alleged failure of the state to disclose
> evidence favorable to the state, and the
> illegal search and seizure are procedurally
> barred pursuant to Rule 20.2(a)(3).  Appel-
> lant's issues concerning the validity of the
> indictment and ineffective assistance of
> counsel is [sic] determined adversely to the
> appellant on the merits.  All judges concur.

---

[7] No specific errors by counsel were identified in support of
the generic claim of ineffective assistance of counsel claim.

Rehearing was denied on October 26, 1990, and his petition for writ of certiorari was denied by the Alabama Supreme Court on January 11, 1991.

Slightly more than a year later, on March 4, 1992, the petitioner filed a second petition for relief pursuant to Rule 32, A.R.Crim.P., in the Circuit Court of Madison County[8] alleging twenty grounds for relief, many of which retread the same allegations of the earlier petition. The claims in the 1992 petition were as follows:

(1)    That his conviction was obtained by the use of evidence gained pursuant to an unconstitutional, warrantless search and seizure;

(2)    That the conviction was obtained by use of evidence gained pursuant to an unlawful, warrantless arrest without probable cause;

(3)    That his conviction was obtained by the use of a confession gained during an unlawfully extended detention before being arraigned before a judge or magistrate;

(4)    That his conviction was obtained by the use of evidence gained pursuant to an unlawful arrest because the warrant failed to particularly describe him or the offense that was committed by him;

-------------------

[8] The petitioner initially filed a "habeas corpus" petition on February 20, 1992, in the Circuit Court of Barbour County; however, the petition was forwarded to the proper court, the Circuit Court of Madison County, and deemed filed as a Rule 32 petition on March 4, 1992. Rule 20 of the Temp.A.R.Crim.P. was the precursor to the present Rule 32, and was almost identical to the present form of the rule.

8

(5)   That his conviction was obtained pursuant to an unlawful indictment because it failed to state the time and place of the victim's death, the correct name of the person charged, or the essential elements of the charged offense;

(6)   That his conviction was unconstitutional because the indictment incorrectly named the defendant as "Noe Woodburck;"

(7)   That his conviction was obtained by the actions of the grand jury and the trial jury which were unconstitutionally selected and impaneled in a racially discriminatory manner;

(8)   That the prosecution failed to disclose evidence favorable to the petitioner;

(9)   That his conviction was obtained by the inducement of extensive, false prejudicial pretrial and trial publicity;

(10)  That his conviction was obtained by the use of false evidence of a prejudicial photograph and perjured testimony indicating that the victim received a gunshot wound in the back of the head;

(11)  That the State failed to establish the "corpus delicti" because it failed to prove that the body autopsied by the forensic pathologist was the victim;

(12)  That his conviction was obtained by the court's allowing the victim's relatives to express their grief by weeping openly during the trial proceedings;

(13)  That the trial judge erred in failing to state whether the petitioner would receive parole or probation;

(14)  That the cumulative effect of all these errors prejudiced his case;

(15) That the petitioner received a disproportionate
sentence and treatment from the court;

(16) That his conviction was obtained by the prejudicial
influence of the reputation and public image of the
university where the crime took place;

(17) That his unconstitutionally obtained confession was
improperly read to the jury;

(18) That his conviction was obtained by a judge who was
not judicially qualified or competent;

(19) That he improperly received the maximum sentence in
retaliation for his requesting a jury trial; and

(20) That he was denied effective assistance of trial,
appellate, and post-conviction counsel.[9]

After an evidentiary hearing on March 30, 1993, at which the
petitioner was represented by counsel,[10] the Madison County Circuit
Court denied the Rule 32 petition on April 7, 1993, stating in
pertinent part:

. . .

1. Petitioner has styled his Petition for
relief as "Petition For Writ of Habeas Corpus
by a Person in State Custody Pursuant to Code
of Alabama of 1975, Section 15-21-1." The
Court is of the opinion that the Petition is
not properly treated as a Petition for a Writ
of Habeas Corpus. Habeas Corpus is not the

---

[9] The petitioner raised the same ineffective assistance of
trial and appellate counsel claims that he raised in his earlier
Rule 20 petition.

[10] At the 1993 Rule 32 hearing, petitioner was represented by
Fred B. Simpson.

appropriate remedy to correct irregularities in a trial in a court of competent jurisdiction. Smith v. State, 440 So. 2d 1222 (Ala. Cr. App. 1983). The Petitioner has not alleged any grounds which would establish a want of jurisdiction on the face of the proceedings. This Court acquired jurisdiction of the underlying felony charge by indictment. Ross v. State, 529 So. 2d 1074 (Ala. Cr. App. 1988). Moreover, the record in the underlying proceeding clearly discloses that this Court was acting within its jurisdiction in rendering its judgment. Brown v. State, 429 So. 2d 674 (Ala. Cr. App. 1983). Nor has Petitioner alleged any grounds which justify relief under Section 15-21-1 et seq., Code of Alabama (1975). Therefore, the Petition is considered to be one for relief pursuant to Rule 32, A.R.Crim.P. See Smith v. State, 609 So. 2d 449 (Ala. Cr. App. 1992).

2. Allegations 1-14 were previously asserted by Petitioner in a previous proceeding (CC87-342.60FJB) pursuant to Rule 20, A.R.Cr.P. and, with the exception of an allegation as to the competence of his counsel at the previous Rule 20 proceeding (discussed infra), contained in allegation 4, these grounds are precluded by Rule 32.2(b), A.R.Cr.P.;

3. Allegations 15-20 are precluded by Rule 32.2(b) in that a previous Petition had been filed and Petitioner failed to show: (1) good cause why the grounds stated were not known to Petitioner or could not have been discovered through reasonable diligence when the first petition was considered; and (2) that failure to entertain the present Petition would result in a miscarriage of justice. Furthermore, the Court finds that said grounds are precluded under 32.2(a)(1); 32.2(a)(2); 32.2(a)(3); and 32.2(a)(4) and (5).

4. The Court notes that Petitioner was given an opportunity to testify and failed to establish that failure to entertain the present

Petition would result in a miscarriage of justice;

5. The Court further finds that the allegations in the Petition, with the exception of the previously described ground set forth in allegation number 4, are precluded under 32.2(c).

6. As to the ground in allegation 4 alleging incompetence of counsel at the previous Rule 20 proceeding, the Court notes that, under the authority of <u>Mayes v. State</u>, 563 So. 2d 38 (Ala. Crim. App. 1990), such an allegation fails to state a ground upon which relief may be based; however, the State, in its Response, failed to plead this issue. Therefore, after conducting an evidentiary hearing on this issue, the Court finds as follows:

> (a) The attorney for petitioner in the previous hearing, John W. Caylor, was not only "competent" within the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>Ex Parte Womack</u>, 541 So. 2d 47 (Ala. 1988), but took extraordinary measures on behalf of his client;

> (b) The Petitioner presented no significant testimony to the Court to persuade it otherwise as to this issue.

NOW, THEREFORE, for the reasons stated above, it is ORDERED, ADJUDGED and DECREED that the Petition of Woodburck Noe for post-conviction relief pursuant to Rule 32, <u>A.R.Cr.P.</u> is due to be and is hereby DENIED.

On May 6, 1993, the petitioner appealed the denial of the Rule 32 petition to the Alabama Court of Criminal Appeals raising

twenty issues: (1) that his conviction was obtained by use of unconstitutionally seized evidence; (2) that his conviction was obtained after an unlawful arrest; (3) that the prosecution failed to disclose potentially exculpatory evidence; (4) that both trial and appellate counsel were ineffective; (5) that the grand jury which indicted him and the petit jury which convicted him were unconstitutionally selected; (6) that the original arrest warrant was unlawful; (7) that he was unlawfully detained incident to an unlawful arrest; (8) that the indictment was defective; (9) that the indictment was invalid due to misnomer; (10) that pretrial publicity prejudiced his case; (11) that the prosecution used false testimony to obtain his conviction; (12) that the prosecution failed to prove the "corpus delicti" of the offense; (13) that the family of the victim was allowed to visibly and audibly weep during the trial; (14) that the trial judge failed to inform him about probation; (15) that the cumulative effect of all these errors prejudiced his case; (16) that his clean prior record made the sentence which was imposed unreasonable; (17) that his conviction was obtained in violation of his right to due process because of the prejudicial influence of the location where the crime took place; (18) that his confession which was unconstitutionally obtained was allowed in evidence; (19) that the trial judge was not qualified or competent; and (20) that the trial judge abused his

13

discretion in sentencing him to the maximum term.   On March 25,
1994, the Alabama Court of Criminal Appeals affirmed the denial of
his Rule 32 petition stating:

> Affirmed by Memorandum.   The judgment of the
> circuit court is affirmed.
>
> . . .
>
> The trial court found that issues 1 through 14
> had been raised previously in a post-convic-
> tion petition filed pursuant to A.R.Cr.P.Temp.
> 20 and decided adversely to the appellant.   It
> found those issues to be precluded pursuant to
> A.R.Cr.P. 32.2(b), i.e., as successive.   It
> also found that issues 15 through 20 were
> precluded under Rule 32.2(b), because good
> cause had not been shown as to why the issues
> were not raised in the previous petition, and
> no showing was made that a failure to enter-
> tain the issues would result in a miscarriage
> of justice.   The trial court further found
> that the issues were precluded because they
> could have been raised at trial or on direct
> appeal and were not. Rule 32.2(a)(2) through
> (5).   The trial court took testimony on the
> issue of whether the appellant was denied
> effective assistance of counsel during his
> Rule 20 proceeding and, although the state did
> not respond to the issue in its pleadings, the
> court considered it anyway.   The court while
> noting that the allegation failed to state a
> ground upon which relief may be based, citing
> <u>Mayes v. State</u>, 563 So. 2d 38 (Ala. Cr. App.
> 1990), found the issue to be non-meritorious.
>
> The appellant is represented by appointed
> counsel on appeal.   His counsel has filed a
> brief that complies with <u>Anders v. California</u>,
> 386 U.S. 738 (1967).   In addition and subse-
> quent to the filing of the <u>Anders</u> brief, the
> appellant has filed a list of issues for us to
> consider in our review.   After a review of the
> record, consideration of the <u>Anders</u> brief, and

14

consideration of the contentions raised by the
appellant, we find that this appeal is without
merit. The trial court's judgment denying the
petition is correct and due to be affirmed.
The record presents no arguable error affect-
ing the appellant's rights.

The petitioner filed the instant _pro se_ petition for writ
of habeas corpus on March 25, 1995, recycling eighteen of the same
grounds for relief asserted in the earlier state petitions.   As
alleged in this action, the grounds and claims for habeas relief
are as follows:

   (1)   That his conviction was obtained by the use of
evidence gained pursuant to an unconstitutional,
warrantless search and seizure;

   (2)   That his conviction was obtained by use of evidence
gained pursuant to an unlawful, warrantless arrest
without probable cause;

   (3)   That the prosecution failed to disclose evidence
favorable to the petitioner;[11]

   (4)   That he received ineffective assistance of trial
and appellate counsel[12];

   (5)   That his conviction was obtained by the actions of
the grand jury and the trial jury which were uncon-
stitutionally selected and impaneled in a racially
discriminatory manner;

---

[11]  Petitioner does not identify specifically the evidence he
claims was not disclosed by the prosecution.

[12] The petitioner raises the same ineffective assistance of
trial and appellate counsel claims that he raised in his Rule 20
and Rule 32 petitions.

(6) That his conviction was obtained by the use of evidence gained pursuant to an unlawful arrest because the arrest warrant failed to particularly describe him or the offense that was committed by him;

(7) That his conviction was obtained by the use of a confession gained during an unlawfully extended detention before he was arraigned by a judge or magistrate;

(8) That his conviction was obtained pursuant to an unlawful indictment because it failed to state the time and place of the victim's death, the person charged, or the essential elements of the charged offense;

(9) That his conviction was obtained by the inducement of extensive, false, and prejudicial pretrial and trial publicity;

(10) That his conviction was obtained by the use of false evidence in the form of a prejudicial photo-graph and perjured testimony suggesting that the victim received a gunshot wound in the back of the head;

(11) That "corpus delicti" was not proven because the State failed to prove that the body that was autop-sied by the forensic pathologist was the victim;

(12) That his conviction was obtained by the court allowing the victim's relatives to express their grief by weeping openly during the trial proceed-ings;

(13) That the trial judge erred in failing to state whether the petitioner would receive parole or probation;

(14) That the cumulative effect of all these errors prejudiced his case;

(15) That the petitioner received a disproportionate sentence from the court;

16

(16) That his conviction was obtained by the prejudicial
     influence of the reputation and public image of the
     university where the crime took place;

(17) That his conviction was obtained by a judge who was
     not judicially qualified or competent; and

(18) That he improperly received the maximum sentence in
     retaliation for his requesting a jury trial.


Pursuant to the magistrate judge's order to show cause,
the respondents filed an answer on May 9, 1996, supported by
exhibits.  By order of May 10, 1996, the parties were notified that
the petition would be considered for summary disposition, and the
petitioner was notified of the provisions and consequences of this
procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>.   The
petitioner filed a response on May 22, 1996.


<u>Procedural Default</u>


The petitioner raised claims one, two, three, five, six,
seven, nine, ten, twelve, and thirteen in his Rule 20 petition, on
appeal from the denial of that petition, in his Rule 32 petition,
and on appeal from the denial of that petition.  The petitioner
raised claims fourteen, fifteen, sixteen, seventeen, and eighteen
in his Rule 32 petition and on appeal from the denial of that
petition.  Thus, the last state court to review these claims was

17

the Alabama Court of Criminal Appeals on appeal from the denial of
the Rule 32 petition, which stated in pertinent part:

> ... The trial court found that issues 1
> through 14 had been raised previously in a
> post-conviction petition filed pursuant to
> A.R.Cr.P.Temp. 20 and decided adversely to the
> appellant.  It found those issues to be pre-
> cluded pursuant to A.R.Cr.P. 32.2(b), i.e., as
> successive.  It also found that issues 15
> through 20 were precluded under Rule 32.2(b),
> because good cause had not been shown as to
> why the issues were not raised in the previous
> petition, and no showing was made that a
> failure to entertain the issues would result
> in a miscarriage of justice.  The trial court
> further found that the issues were precluded
> because they could have been raised at trial
> or on direct appeal and were not.  Rule
> 32.2(a)(2) through (5).
>
> ...
>
> The trial court's judgment denying the peti-
> tion is correct and due to be affirmed.  The
> record presents no arguable error affecting
> the appellant's rights....

Rule 32.2(b), A.R.Crim.P., provides:

> (b) Successive Petitions.  The court shall not
> grant relief on a second or successive peti-
> tion on the same or similar grounds on behalf
> of the same petitioner.  A second or succes-
> sive petition on different grounds shall be
> denied unless the petitioner shows both that
> good cause exists why the new ground or
> grounds were not known or could not have been
> ascertained through reasonable diligence when
> the first petition was heard, and that failure

to entertain the petition will result in a
miscarriage of justice.

Rule 32.2(a), A.R.Crim.P., provides in pertinent part:

(a) Preclusion of Grounds.  A petitioner will
not be given relief under this rule based upon
any ground:

...

(2) Which was raised or addressed at trial; or

(3) Which could have been but was not raised
at trial, unless the ground for relief arises
under Rule 32.1(b); or

(4) Which was raised or addressed on appeal or
in any previous collateral proceedings; or

(5) Which could have been but was not raised
on appeal, unless the ground for relief arises
under Rule 32.1(b).

Explaining the concept of procedural default, the Eleventh Circuit

has stated:

The federal courts' authority to review state
court criminal convictions pursuant to writs
of habeas corpus is severely restricted when a
petitioner has failed to follow applicable
state procedural rules in raising a claim,
that is, where the claim is procedurally
defaulted.  Federal review of a petitioner's
claim is barred by the procedural default
doctrine if the last state court to review the
claim states clearly and expressly that its
judgment rests on a procedural bar, Harris v.

19

> Reed, 489 U.S. 255, 263, 109 S. Ct. 1038,
> 1043, 103 L. Ed. 2d 308 (1989), and that bar
> provides an adequate and independent state
> ground for denying relief. See id. at 262, 109
> S. Ct. at 1042-43; Johnson v. Mississippi, 486
> U.S. 578, 587, 108 S. Ct. 1981, 1987, 100 L.
> Ed. 2d 575 (1988).  The doctrine serves to
> ensure petitioners will first seek relief in
> accordance with state procedures, see Presnell
> v. Kemp, 835 F.2d 1567, 1578-79 (11th Cir.
> 1988), cert. denied, 488 U.S. 1050, 109 S. Ct.
> 882, 102 L. Ed. 2d 1004 (1989), and to "lessen
> the injury to a State that results through
> reexamination of a state conviction on a
> ground that a State did not have the opportu-
> nity to address at a prior, appropriate time."
> McCleskey v. Zant, ___ U.S. ___, 111 S. Ct.
> 1454, 1470, 113 L. Ed. 2d 517 (1991).

Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991).  Thus,

if a claim has been previously presented to a state court, in some

form, a federal habeas court may refuse to hear that claim only if

the last state court rendering the judgment "'clearly and ex-

pressly' states that its judgment rests on a state procedural bar."

Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d

308, 317 (1989).

The last state court to review claims one, two, three,

five, six, seven, nine, ten, twelve, thirteen, fourteen, fifteen,

sixteen, seventeen, and eighteen was the Alabama Court of Criminal

Appeals during the appeal of the denial of his Rule 32 petition.

That court expressly stated that its judgment denying relief rested

on Rule 32.2(b) and Rule 32.2(a)(2) through (5) of the Alabama

Rules of Criminal Procedure. Because of this clear and express reliance on state procedural rules, the dismissal of the Rule 32 petition rested on a procedural bar, which was independent and adequate under state law. See Whiddon v. Dugger, 894 F.2d 1266 (11th Cir. 1990). Hence, claims one, two, three, five, six, seven, nine, ten, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, and eighteen are procedurally barred from review unless petitioner can establish cause and prejudice excusing the default.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). The "cause and prejudice" test of Engle v. Isaac and Wainwright v. Sykes is in the conjunctive; therefore, petitioner must prove both cause and prejudice.

The United States Supreme Court summarized the "cause" standard:

> In Wainwright v. Sykes, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of Francis v. Henderson, supra, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The Sykes Court did not elaborate upon this requirement, but rather left

21

open "for resolution in future decisions the
precise definition of the `cause'-and-`preju-
dice' standard." 433 U.S., at 87.   Although
more recent decisions likewise have not at-
tempted to establish conclusively the contours
of the standard, they offer some helpful
guidance on the question of cause.   In <u>Reed v.
Ross</u>, 468 U.S. 1 (1984), the Court explained
that although a "tactical" or "intentional"
decision to forgo a procedural opportunity
normally cannot constitute cause, <u>id</u>., at 13-
14, "the failure of counsel to raise a consti-
tutional issue reasonably unknown to him is
one situation in which the [cause] requirement
is met." <u>Id</u>., at 14.   The Court later elabo-
rated upon <u>Ross</u> and stated that "the existence
of cause for a procedural default must ordi-
narily turn on whether the prisoner can show
that some objective factor external to the
defense impeded counsel's efforts to comply
with the State's procedural rule." <u>Murray v.
Carrier</u>, 477 U.S. 478, 488 (1986).   We ex-
plained that "a showing that the factual or
legal basis for a claim was not reasonably
available to counsel,... would constitute
cause under this standard." <u>Ibid</u>.   (Citations
omitted.)

<u>Amadeo v. Zant</u>, 486 U.S. 214, 221-22, 108 S. Ct. 1771, 100 L. Ed.

2d 249 (1988).

The petitioner must also demonstrate that he was

prejudiced; he must show "not merely that the errors... created a

<u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and

substantial disadvantage, infecting his entire trial with error of

constitutional dimensions." (Emphasis in original).   <u>United States

v. Frady</u>, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816

(1982). A federal habeas court, however, will consider a procedurally defaulted claim even in the absence of cause and prejudice if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) (quoting, respectively, Engle, 456 U.S. at 135, and Murray, 477 U.S. at 496); Schlup v. Delo, 513 U.S. ___, 115 S. Ct. ___, 130 L. Ed. 2d 808 (1995).

Petitioner's only attempt to show cause for his failure to assert these claims either at trial or on direct appeal is to argue that his trial and appellate counsel were constitutionally ineffective in their representation of him, which he has asserted as an independent ground for relief at claim four. If the representation given by counsel at trial and on appeal was so deficient as to meet the Strickland v. Washington[13] standard for ineffective assistance, it can be cause excusing a procedural default. Hence, the court must review counsel's performance with respect to each of these alleged claims to determine whether counsel's failure to assert them was constitutionally deficient assistance.

---

[13] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

In order to show ineffectiveness of counsel, a habeas petitioner must demonstrate that his attorney's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

24

different." 466 U.S. at 694.  Also, in making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690.   The effectiveness or ineffectiveness must be evaluated by consideration of the totality of the circumstances. Stanley v. Zant, 697 F.2d 955, 962 (11th Cir. 1983).  The court must remember that a defendant in a criminal case has a constitutional right only to adequate counsel; he is not entitled to the very best legal representation. Stone v. Dugger, 837 F.2d 1477 (11th Cir. 1988).

If counsel decides not to present certain evidence or chooses a certain defense because of a strategic or tactical decision, the court must afford a strong presumption of correctness to the decision which is "virtually unchallengeable." Smith v. Dugger, 840 F.2d 787, 795 (11th Cir. 1988); Elledge v. Dugger, 823 F.2d 1439, 1444 (11th Cir. 1987).   If the evidence was not presented due to oversight or inability, then the court must determine whether there is a reasonable probability that the result would have been different had the lawyer not erred. Middleton v. Dugger, 849 F.2d 491, 493 (11th Cir. 1988).

Reviewing each of the claimed grounds for relief to assess whether counsel made a professionally unreasonable error in

25

not raising these claims at trial and on appeal, the Court finds that petitioner suffered no prejudice because none of the claims was of such merit that counsel can be faulted for not having asserted them. The search of petitioner's apartment and seizure of the murder weapon did not violate the Fourth Amendment (claim one). Police were admitted to the apartment by another resident of the apartment. (Respondents' Exhibit, pp. 34-35). Once inside, they saw the murder victim in plain view, authorizing a protective sweep of the apartment. Furthermore, once inside, petitioner delivered the murder weapon to the police and spontaneously admitted to the shooting.

Petitioner was not subjected to an unlawful arrest (claim two). Again, once the police saw the murder victim and petitioner gave them the gun and admitted to the shooting, they plainly had more than enough probable cause to arrest him without a warrant. Furthermore, he was not subjected to an extended interrogation claim seven), being held for only three hours before giving his statement (Respondents' Exhibit A, pp. 177-180). Additionally it is clear that his initial arrest was without a warrant, so any defects in the warrant issued following the return of the indictment (claim six) did not prejudice any of his rights.

As already noted, petitioner has not identified any exculpatory or favorable evidence not disclosed to him by the

26

prosecution in violation of <u>Brady v. Maryland</u> (claim three). Indeed, after alleging the claim in conclusory terms, it disappears from all other papers filed by petitioner, and there are no factual allegations offered in support of it.  The court cannot say that counsel was ineffective for not raising that claim at trial and on appeal because there is no basis for determining what the claim actually involves.

Although petitioner also challenges that racial composition of the grand jury that indicted him and the petit jury that convicted him (claim five), he offers insufficient facts to authorize the court to conclude that counsel was ineffective in not raising these claims. He avers only that of twenty-four members of the grand jury, only one was black.  This alone, however, does not show racial discrimination in the <u>selection</u> of the grand jury, or that counsel unreasonably failed to pursue the issue.  Additionally, petitioner asserts that the prosecutor used his peremptory challenges to remove two black males from the trial jury.  At the time of trial in 1987, there was no constitutional basis for objecting to gender-based strikes. <u>See</u> <u>J.E.B. v. Alabama</u>, ___ U.S. ___, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).  Moreover, the striking of two black males, while leaving two black females on the jury, reasonably could have been seen by counsel as failing to establish a prima facie showing of racially discriminatory

27

striking.  Stated simply, the evidence does not so strongly point in that direction that counsel can be faulted for having not raised the Batson claim at trial and on appeal.

Petitioner also faults his attorneys for not raising issues related to pretrial publicity, "perjured" testimony and evidence, and the effect the weeping of the victim's family during trial had on the fairness of the proceedings (claims nine, ten, and twelve).  In light of the overwhelming evidence against petitioner, it cannot be said that the failure of counsel of assert these issues probably changed the outcome of the proceeding.  It must be understood that petitioner was convicted of the shotgun slaying of his college roommate on the basis of the eye witness testimony of another roommate and petitioner's own confession.  There is no reasonable probability that the outcome of the trial would have been different if counsel had successfully obtained a change of venue due to pretrial publicity or had forced the exclusion of the victim's family from the courtroom.  Further, other than peti-tioner's bare statement that the testimony and photographic exhibits of Dr. Joseph Embry was false, there is no basis for concluding that any evidence offered at trial was not accurate. Certainly counsel had no basis in fact for objecting to the evidence.

Petitioner also objects to the manner in which the trial judge handled the case and the sentence he imposed (claims thirteen, fifteen, sixteen, seventeen, and eighteen). Again, there is no factual basis for any of these claims, and certainly no basis on which counsel could have affected the outcome of the trial or sentencing proceeding. Petitioner suffered no prejudice simply because the trial judge failed to specifically deny petitioner's request for probation, nor is a life sentence disproportionate under the Eighth Amendment for a first-degree murder conviction. Nothing in the trial record suggests that the trial judge lacked impartiality or otherwise unfairly treated petitioner. There simply was no objection or issue counsel could make in any of these areas.

Finally, petitioner simply retreads all of these same claims by arguing that the cumulative effect of the alleged errors denied him due process (claim fourteen). For the reasons already explained with respect to each claim, petitioner suffered no prejudice to his substantive rights in any way due to the decisions of counsel not to assert these arguments.

The petitioner has not shown "cause and prejudice" excusing the default, nor has he made a showing of factual innocence so that the claims can be considered under the "fundamental miscarriage of justice" exception to procedural default. Thus,

29

claims one, two, three, five, six, seven, nine, ten, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, and eighteen are due to be denied.

### Ineffective Assistance Of Counsel (Claim Four)

The petitioner contends that he received ineffective assistance of <u>trial</u> counsel because his attorney (a) failed to make a "specific" motion to suppress the illegally seized shotgun, shotgun shell casings, and plastic waddings, (b) failed to investigate and to determine evidence favorable to him, (c) failed to object to the illegal arrest, illegal arrest warrant, illegal indictment, illegal detention, unlawfully impaneled grand jury and trial jury, false autopsy report, prejudicial photographs, the victim's mother and sister crying during the trial, and the prosecutor striking all but two black females from the jury venire, (c) failed to object to the testimony of Marion Bullock, Steve Lowhorne, Buford Cagle, Jarwes Nayman, Investigators Nance and Parker, and Brent Wheeler regarding the illegal arrest, illegal search, and illegal seizure of evidence, (d) failed to request a change of venue due to the bad pretrial and trial publicity, (e) failed to inform the jury or tell the trial judge to instruct the jury on the burden of proof of self-defense, (f) failed to file a motion to reduce bond at his bond-reduction hearing, and

30

(g) incorrectly stated that the petitioner consented to an amendment of the indictment.

The petitioner contends that he received ineffective assistance of <u>appellate</u> counsel because his attorney (a) incorrectly stated in his brief on direct appeal that the petitioner consented to an amendment of the indictment, and (b) failed to raise the following issues on appeal: trial counsel's ineffectiveness, illegal arrest and arrest warrant, illegal search and seizure, illegal detention, illegal indictment, illegally impaneled grand jury and trial jury, failure of the prosecution to disclose evidence favorable to him, illegally obtained statements, prejudicial pretrial and trial publicity, victim's family crying, perjured testimony, false evidence, and the trial judge failing to instruct the jury on the burden of proof of self-defense.

The petitioner raised these claims in his Rule 20 petition, and the Madison County Circuit Court denied the petition stating in pertinent part:

> We now turn our attention to petitioner's allegation of ineffective assistance of counsel, paragraph 12.A(9). Petitioner alleges that the officer's entry into the apartment was illegal, that the seizure of physical evidence was illegal, and that his detention and arrest were illegal, and therefore his statements given to officers were also improper evidence, and that his attorneys, by failing to object to these matters at trial were ineffective in defending him. (Ref.

31

All of these are matters which could have been raised at trial, and relief thereupon is precluded under Rule 20.2(a)(3) unless petitioner can demonstrate that the failure to raise such issues at trial is sufficient to show that defense counsel's performance failed to meet the standard of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), <u>and</u> that the outcome of the trial would have likely been different but for said ineffective assistance.

Therefore, in order to evaluate the performance of the two defense attorneys, it is necessary to first determine whether the matters complained of by petitioner were properly objectionable. This court finds as follows:

(1)   Petitioner personally called the U.A.H. (University of Alabama, Huntsville) campus police to the apartment immediately following the shooting of Wayne Anthony Beecham.

(2)   That petitioner shared said apartment with other students and was not the exclusive lessee of the premises.

(3)   That when petitioner failed to open the front door of the apartment in response to the officers knocking on the door, another resident of said apartment approached from outside the apartment and opened the front door and voluntarily admitted Corporal Bulluck and Chief Nayman.

(4)   That as Corporal Bulluck entered he smelled the odor of gunshots and observed the bloody body of the victim in the bedroom to his left.

32

(5)   That as Corporal Bulluck stepped
      further into the apartment he was
      met in the hallway by the petitioner
      who immediately advised Bulluck that
      petitioner did the shooting.

(6)   That Corporal Bulluck immediately
      asked petitioner where the weapon
      was located, and at the direction of
      petitioner recovered the shotgun
      from the closet in petitioner's
      bedroom.

(7)   That Chief Nayman secured the scene
      while Corporal Bulluck detained
      petitioner in petitioner's bedroom
      and maintained control of the shot-
      gun until Huntsville Police Officers
      arrived and took over said functions
      within a matter of minutes.

(8)   That petitioner was not questioned
      any further until after he had been
      transported to the Criminal Investi-
      gation Division office of Investiga-
      tor James Parker where after being
      properly advised of his rights,
      petitioner did voluntarily give oral
      and written statements to Investiga-
      tor Parker.

(9)   That Huntsville Police Department
      Crime Scene Specialists arrived at
      the crime scene within minutes of
      the campus police arrival and col-
      lected the physical evidence from
      the scene.

This court finds that the above described
actions by law enforcement officers were legal
and proper in every respect and that the
evidence gained through said actions was
properly admissible at trial. This court
finds that the standards enunciated in Strick-
land do not require defense attorneys to
constantly make frivolous objections to non-

33

objectionable matters.  This court finds that
the performance of the two attorneys who
represented Mr. Noe at trial met or exceeded
the standards of Strickland, and that, since
said matters were not objectionable, peti-
tioner has totally failed to demonstrate that
the outcome of his trial would likely have
been different but for the performance of his
attorneys.

Petitioner also alleged that attorney who
handled his appeal, Norman Bradley, Jr., was
negligent in his representation.  This court
finds that petitioner failed to introduce any
testimony tending to prove this allegation.
Further, based upon the record and exhibits
before the court, this court finds that appel-
late counsel was not negligent.

The petitioner also raised these ineffective assistance of counsel

claims in his Rule 32 petition, and the Madison County Circuit

Court denied the claims stating in pertinent part:

... As to the ground in allegation 4 alleging
incompetence of counsel at the previous Rule
20 proceeding, the Court notes that, under the
authority of Mayes v. State, 563 So. 2d 38
(Ala. Crim. App. 1990), such an allegation
fails to state a ground upon which relief may
be based; However, the State, in its Response,
failed to plead this issue.  Therefore, after
conducting an evidentiary hearing on this
issue, the Court finds as follows:

(a)   The attorney for petitioner in the
      previous hearing, John W. Caylor,
      was not only "competent" within the
      standards of Strickland v. Washing-
      ton, 466 U.S. 668 (1984) and Ex
      Parte Womack, 541 So. 2d 47 (Ala.

34

> 1988), but took extraordinary mea-
> sures on behalf of his client;
>
> (b)  The Petitioner presented no signifi-
> cant testimony to the Court to per-
> suade it otherwise as to this issue.

As already discussed in the preceding section, none of the decisions made by counsel, nor their failures to assert issues, caused petitioner to suffer the loss of any substantive or procedural right that may have changed the outcome of the trial or sentencing.   The only ineffective-assistance claim not discussed already in the preceding section is the claim that trial counsel failed to object to an allegedly defective indictment and that both trial and appellate counsel incorrectly stated that petitioner agreed to a prosecution amendment to the indictment to correctly reflect petitioner's name. As originally returned, the indictment charged that the victim was murdered by "Noe Woodburck" also known as "Noe Woodburch."   At the beginning of trial, the prosecutor moved to amend the indictment to correct the name to "Woodburck Noe."  Defense counsel agreed to the amendment, stating that they had discussed the matter with petitioner and that he agreed to the amendment so that trial could then proceed without delay. Certainly counsel's decision to agree to the amendment was not professionally unreasonable.   By objecting to the amendment, counsel would have succeeded only in delaying the inevitable trial

35

while the prosecutor obtained a new indictment from the grand jury. Although petitioner possessed the right to have a properly named indictment, the amendment to correct the name error deprived him of nothing of any significance, and certainly did not contribute to the conviction or sentence that followed. This claim is due to be denied, as are all of the other claims of ineffective assistance of counsel discussed hereinabove.

## Illegal Indictment (Claim Eight)

The petitioner contends that his conviction was obtained pursuant to an unlawful indictment because it failed to state the time and place of the victim's death, the person charged, or the essential elements of the charged offense. The petitioner raised this claim in his Rule 20 petition, and on appeal from the denial of that petition and the Alabama Court of Criminal Appeals denied the claim on the merits.

Generally, the sufficiency of a state indictment is not a proper subject for federal habeas corpus review unless the indictment is so deficient that the convicting court was deprived of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841 (11th Cir. 1982). Any other challenge to the indictment is merely a state law claim and does not rise to a constitutional level sufficient to invoke habeas jurisdiction. Id.

36

The indictment in this case charged that the petitioner "did intentionally cause the death of another person, to-wit: Wayne Anthony Beecham, by shooting him with a shotgun, in violation of § 13A-602 of the Code of Alabama." The indictment sufficiently set out the charge against the petitioner, and plainly it is not defective under Alabama law. Alabama law does not require that the specific time and date of the killing be alleged in the indictment. Although the indictment originally named the defendant as "Noe Woodburck" and "Noe Woodburch," it was properly amended before trial to correctly state the name. The indictment in this case was not so defective as to deprive the trial court of jurisdiction; therefore, this claim is due to be denied.

### "Corpus Delicti" (Claim Eleven)

The petitioner contends that his conviction was obtained by the State's failure to establish the "corpus delicti" because the State failed to prove that the body that was examined by the forensic pathologist in the autopsy was the victim's body. The petitioner raised this claim on direct appeal, and the Alabama Court of Criminal Appeals affirmed his conviction.

In United States v. Russell, 971 F.2d 1098, 1110 fn.22 (4th Cir. 1992), the court explained what the State must prove to establish the "corpus delicti":

37

> To establish the corpus delicti (literally,
> the "body of the crime") in a homicide
> case, the Government must prove (1) that the victim
> is dead, and (2) that the death was caused by
> a criminal act, rather than by accident,
> suicide, or natural causes. See United States
> v. Woods, 484 F.2d 127, 132 (4th Cir. 1973)
> ("Most jurisdictions require proof of (a)
> death and (b) death by foul means to establish
> the corpus delicti of homicide."), cert.
> denied, 415 U.S. 979, 94 S. Ct. 1566, 39 L.
> Ed. 2d 875 (1974).

An eyewitness, Winston Turner, testified that he saw the petitioner shoot the victim, Wayne Beecham, three or four times. (R.142-143). Furthermore, the petitioner's confession stated in part that "I [the petitioner] took the shotgun which was in the closet and loaded it and I went and shot him." (R.200-202). Dr. Joseph Embry, the forensic pathologist that examined the victim, testified that Exhibit #25 was a photograph of the body of the victim that he examined and that the case number matched to Wayne Beecham. (R.95-96). The victim's sister, Clover Robinson, testified that Exhibit #25, was a photograph of her brother, Wayne Beecham. (R.205-206). Thus, because the "corpus delicti" was established, this claim lacks merit and is due to be denied.

38

## Conclusion

Accordingly, for the reasons stated above, the Court has determined that the petition for writ of habeas corpus is merit-less.  By separate order the petition will be denied and dismissed with prejudice.

DONE this ___24th___ day of March, 1997.


U.W. CLEMON
UNITED STATES DISTRICT JUDGE